# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## BANKRUPTCY DIVISION
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| In re: | Bankruptcy No. 06-30009 |
| JEFFREY J. PROSSER, | Chapter 7 |
| Debtor. | Related to Doc. Nos. 3543, 3548, 3564 |
| James P. Carroll, as Chapter 7 Trustee of the Estate of Jeffrey J. Prosser, | Adv. No. 11-3005 |
| | Related to Doc. Nos. 29, 31, 38 |
| Plaintiff, | |
| v. | |
| Dawn Prosser, | |
| Defendant. | |

**ORDER OVERRULING THE OBJECTION TO NOTICE OF TRUSTEE'S AUCTION OF CERTAIN OF DEBTOR'S PERSONAL PROPERTY**

**AND NOW**, this 20th day of January, 2012, the Chapter 7 Trustee, James P. Carroll, having filed his Notice of Trustee's Auction of Certain of Debtor's Personal Property at Bankruptcy No. 06-30009, DE 3543, and Adv. No. 11-3005, DE 29 (the "Notice of Auction"); and

**WHEREAS** Defendant Dawn Prosser and Debtor Jeffrey J. Prosser (collectively, the "Prossers") filed an objection to the Notice of Auction at Bankruptcy No. 06-30009, DE 3548 and Adv. No. 11-3005, DE 31 (the "Objection");[1] and

---

[1] The document as filed is titled "Objection to Notice of Trustee's Auction of Certain of
(continued...)

1

**WHEREAS** upon Order of this Court the Chapter 7 Trustee filed a response to the Objection along with an itemized list of the property to be sold at auction at Bankruptcy No. 06-30009, DE 3564, and Adv. No. 11-3005, DE 38 (the "Response"); and

**WHEREAS** a telephonic hearing on the Objection was held before this Court on January 18, 2012; and

**WHEREAS** after careful consideration of the Notice of Auction, the Objection, the Response, and arguments of the parties at the January 18, 2012, hearing, the Objection is hereby **OVERRULED** for reasons that follow along with those expressed on the record at the hearing.

At the outset, the Court notes that Mr. Prosser utilized the Virgin Islands exemptions under §522(b)(3) on his bankruptcy schedules, so Virgin Islands law governs the Sale Property, and the Virgin Islands does not recognize a tenancy by the entireties interest with respect to personalty.[2]

---

[1](...continued)
Debtor's Personal Property" but is docketed incorrectly as a "Notice Regarding Notice of Objection."

[2] 5 V.I. Code Ann. § 479 provides:

> (a) All property other than the homestead, including franchises or rights or interests therein, of the judgment debtor shall be liable to an execution, except as in this section provided. The following property shall be exempt from execution if selected and reserved by the judgment debtor or his agent at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to him, and not otherwise.
>
> (1) Necessary wearing apparel owned by any person for the use of himself or his family, except that watches or jewelry shall not be exempt by virtue of this subdivision.

(continued...)

The Prossers argue that because they acquired the personalty to be sold at auction ("the Sale Property") in Florida and because the Sale Property is presently located in Florida, the Sale Property is held by the Prossers as tenants by the entireties under Florida law. As noted, Virgin Islands law governs inasmuch as Debtor chose to file his bankruptcy in the Virgin Islands; he is a Virgin Islands domiciliary and resident;[3] and, in none of his five amendments to his bankruptcy schedules did he list the personalty at issue herein. Therefore, Florida entireties law does not

---

[2](...continued)
      (2) The tools, implements, apparatus or library necessary to enable any artisan, mechanic or professional person to carry on the trade, occupation or profession by which such person habitually earns his living.

      (3) The following property, if owned by the head of a family and in actual use or kept for use by and for his family, or when being removed from one habitation to another on a change of residence: Household goods, furniture, and utensils to the value of three thousand dollars.

      (4) All property of any public corporation or the government of the Virgin Islands.

(b) No article of property or if the same has been sold or exchanged, then neither the proceeds of such sale nor the articles received in exchange therefor, shall be exempt from execution issued on a judgment recovered for its price.

In an Order Granting in Part and Denying in Part the Motion for Stay Pending Appeal (DE 1463), Amending in Part Order of March 20, 2008 (DE 1458), and Scheduling Hearing, Case No. 06-30009, DE 1463, at 4, ¶ 5, this Court noted that "Virgin Islands law was that which, after approximately four amended exemption schedules, Debtor finally clarified were his chosen exemptions."

[3]Involuntary petitions were filed initially in Delaware as to Debtor and certain corporate debtors. *See* In re Jeffrey J. Prosser, Bankr. No. 06-10135-JKF (Closed), Doc. No. 184 (Venue Opinion). Certain findings as to Debtor's residency and interests were made in the Venue Opinion which found that venue as to Debtor was not proper in Delaware.

apply.

Even if Florida law would govern the claim to exemption in the Sale Property, we find that the Sale Property is not held by the Prossers as tenants by the entireties. For the doctrine of tenancy by the entireties to apply, the "six unities" of marriage, possession, interest, title, time and right of survivorship must all be present. *Mathews v. Cohen*, 382 B.R. 526 (M.D. Fla. 2007). All six unities must exist for the presumption to apply that personal property is held as tenants by the entireties. *In re Pereau*, 2007 WL 907545 (Bankr.M.D.Fla.) at *2. The Prossers are married but possession, at this time, is with the Trustee who has secured the Sale Property in storage and is paying the costs of storage. On the date of the bankruptcy filing, the Prossers had actual or constructive possession of the Sale Property. At issue here is the unity of interest.

"Unity of interest" means that the owners' interests in the property at issue must be identical. *In re Pereau*, 2007 WL 907545 (Bankr.M.D.Fla.) at *2; *Beal Bank, SSB v. Almand and Associates*, 780 So.2d 45 (Fla. 2001). It is clear based on the evidence in this case that the Prossers lack a "unity of interest" in the Sale Property. Prosser has never listed the Sale Property in his schedules, despite having amended those schedules numerous times. Moreover, Dawn Prosser has testified that she owned all of it.[4]

---

[4]Q. So let's exclude real property for a second. So we're only talking about personal property, which would be – there's been some talk about jewelry, some talk about art work, furnishings, and things like that. So with regard to that property, who, between you and your husband, Mr. Prosser, owns all of that personal property?
    A. I do.
    . . .
    Q. Is there any furniture in any of the three homes at the Palm Beach house, the Shoys Estate – and when I say that, I mean the two different buildings there, or the three buildings – and the house that you had in New York, the Lake Placid home – is there any furniture that was or is in those, those buildings, that is owned by Jeff Prosser?

(continued...)

4

There are additional reasons why there is no tenants by the entireties interest in these items.  First, the Sale Property was the subject of a fraudulent conveyance action brought by the Chapter 7 trustee against Dawn Prosser in the District Court at Civil Action No. 08-147 in which the jury found that those assets, among others, were fraudulently transferred by Jeffrey Prosser to Dawn Prosser.[5]  Thus, because Dawn Prosser does not have a legitimate interest in the fraudulently conveyed Sale Property, which the Trustee has now recovered for the benefit of the Debtor's estate, there cannot be an entireties interest in the property, and the property is now part of the Chapter 7 estate.[6]

Prosser has argued that this Court should stay the sale until the post-trial motions for reconsideration of the jury verdicts in the civil cases before Judge Sanchez at Civil Action Nos.

---

[4](...continued)
  A.  No.
  Q.  So it all belongs to you.
  A.  Yes.
*See* Trial Testimony of Dawn Prosser, TR 6/17/11 at 200:14-21, Civil Action No. 08-146, DE 88-1; 202:8-17.

[5] *See* Official Verdict Slip, dated June 10, 2011, Civil Action No. 08-147, DE 74.  A similar fraudulent conveyance action related to the same assets was brought against Dawn Prosser by the Chapter 11 trustee, and in that case the jury found that the assets were transferred to Dawn Prosser without fraud.  *See* Judgment, dated August 2, 2011, Civil Action No. 08-146, DE 101.  However, the fact that the Chapter 11 trustee was unsuccessful in his action in no way affects the jury's determination in the Chapter 7 trustee's action that the assets in question were fraudulently transferred to Dawn Prosser by Jeffrey Prosser.  We find that the Prossers' argument, that the use of the word "by" rather than "from" in the jury verdict and judgment entry in Civil Action No. 08-147 indicates that Jeffrey Prosser did not have an interest in the assets in question at the time of transfer, is without merit. Even assuming that the jury explored the nuances of this distinction in a verdict slip provided to it that used the word "by" rather than "from," there is nothing in the definition of "from" that indicates ownership interests.  *See* definition of "from" in Merriam-Webster on-line dictionary at http://www.merriam-webster.com/dictionary/from (visited January 20, 2012).

[6] *See* 11 U.S.C. §541(a)(3) and (a)(4).

5

08-146 and 08-147 are resolved. However, for reasons that follow, even if the judgment entry in Civil Action No. 08-147 is overturned and Dawn Prosser is determined to hold some interest in the Sale Property, that determination will only affect what portion of the proceeds from the auction of the Sale Property she is owed. It will not affect whether the auction itself can go forward.

To the extent that the jury verdict in Civil Action No. 08-147 is set aside and Dawn Prosser is later determined to hold an interest in the Sale Property, she does not have a 100% interest despite her testimony to that effect[7] because this Court has already determined that Jeffrey Prosser had an interest in the Palm Beach personal property (which comprises the Sale Property), which interest was to be turned over to the Chapter 7 Trustee.[8] Thus, whatever interest Dawn Prosser is determined to hold, should the jury verdict be overturned, will be protected by receiving an appropriate share of the proceeds of the auction.

Moreover, even if it is determined that Dawn Prosser has some interest in the Sale Property, it cannot be an entireties interest as evidenced by Dawn Prosser's testimony cited above, by Jeffrey Prosser's own testimony, which is described in greater detail below[9], and by Jeffrey Prosser's failure to list any of the Sale Property as entireties property on his schedules, despite having six opportunities to do so.

In addition to the jury verdict, other evidence indicates that a lack of "unity of interest" exists with respect to the Sale Property, and, thus, that there is no tenants by the entireties

---

[7]*See* note 4 and accompanying text, *supra*.

[8] *See* Adv. No. 07-3010, DE 728, Memorandum Opinion ("Turnover Opinion").

[9]*See* note 11 and accompanying text, *infra*.

interest therein. The vast majority of the Sale Property can be fairly characterized as furniture, with the rest consisting of household goods, electronics, sporting goods, and art work.[10] Jeffrey Prosser has testified before this Court, under oath, that he has no ownership interest whatsoever in any furniture or art work.[11] Thus, Prosser has disclaimed any interest in the Sale Property and Dawn Prosser has disclaimed any joint ownership in the same items. *See Beal Bank, SSB v. Almand and Associates*, 780 So.2d 45, 53 (Fla. 2001). While the Court, in the turnover action, ultimately rejected the assertion that Jeffrey Prosser gifted everything to Dawn Prosser and found that the Chapter 7 estate has an interest in various assets, clearly the Prossers' position and intent regarding ownership of the Sale Property was, as they stated under oath, that Dawn Prosser held a 100% interest and Jeffrey Prosser held no interest. Because the relevant time period for determining whether an entireties interest in property exists under §522(b)(3)(B) is immediately before the commencement of the case, the Prossers cannot now, for their own convenience, change their testimony and claim that their intent was to hold this property as tenants by the entireties.

In terms of household goods, electronics, and sporting goods, Mr. Prosser's bankruptcy schedules indicate that he owns no sports equipment. Similarly, under the heading, "Household

---

[10] *See* Exhibit A to Chapter 7 Trustee's Response to Prossers' Objection to Notice of Trustee's Auction of Certain of Debtor's Personal Property, Adv. No. 11-3005, DE 38-1.

[11] Q. Isn't it true, sir, that to this day you still never disclosed any furniture owned by you?
A. I don't own any furniture.
Q. Isn't it true you never disclosed any art work owned by you?
A. I don't own any art work.
*See* Trial Testimony of Jeffrey J. Prosser, TR 3/26/09 at 147:18-23, Adv. No. 07-3010, DE 642, Attachment 4; Bankr. No. 06-30009, DE 2446, Attachment 4.

goods and furnishings, including audio, video, and computer equipment," the only three assets listed are not involved in the pending motion.[12] None of the Sale Property is listed on Prosser's amended bankruptcy schedules, even though he amended his schedules a total of five different times.[13] Because the Bankruptcy Code required Jeffrey Prosser to file a schedule of all of his assets and liabilities[14] and the bankruptcy schedules required Jeffrey Prosser to list what personal property he held as tenants by the entireties for purposes of claiming exemptions as to that property,[15] his failure to make that designation with respect to any of the Sale Property is further evidence that he never intended to hold the Sale Property as tenants by the entireties. *See Mathews v. Cohen*, 382 B.R. 526, 531 (M.D. Fla. 2007). Prosser cannot claim an exemption in property he failed to disclose as his and in which he failed to identify an interest in his bankruptcy schedules. *Cf., In re Lopez*, 224 B.R. 439, 442 (Bankr. C.D. Cal. 1998)(property is not exempted by operation of law unless included on a list of property claimed as exempt). Furthermore, because Mr. Prosser amended his bankruptcy schedules on five separate occasions, his failure to claim exemptions in any of the Sale Property cannot be construed as inadvertent.

    Finally, the Prossers argue that there is no prejudice to the estate in delaying the auction

---

[12] They were Alexander Popovic frescos, audio equipment throughout the Palm Beach house, and various wines   The claims to exemptions in these items have been previously adjudicated.

[13] *See* Bankruptcy No. 06-30009, Doc. Nos. 26 (Original Schedules), 359 (first amendment), 368 (Second Amendment), 1062 (Third Amendment), 1226 (Fourth Amendment), and 2468 (Fifth Amendment).

[14] 11 U.S.C. § 521(a)(B)(i).

[15] *See* Schedule B - Personal Property, Official Form 6: "... list all personal property of the debtor of whatever kind. . . .  If the debtor is married, state whether the husband, wife, both or the marital community own the property . . . ."


of the Sale Property because the commissions associated with the sale exceed any related storage costs. However, the Chapter 7 Trustee's Supplemental Response to Prossers' Objection to Notice of Trustee's Auction of Certain of Debtor's Personal Property (the "Supplemental Response") specifies that the end-purchasers of the Sale Property will pay the associated commissions to Auction America, the auctioneer. Thus, the estate will not bear the cost of any commission on the sale. The estate is responsible, however, for storage and related costs, which continue to accrue, and thus the estate is prejudiced by any delay of the auction of the Sale Property.[16]

Having determined that Dawn Prosser's interest in the Sale Property has been avoided and, even if later determined not to have been avoided, is not an entireties interest; that Jeffrey Prosser's objection to the Sale is based on a tenant by the entireties interest which does not exist under Virgin Islands law with respect to personal property; that Jeffrey Prosser's claim of exemptions in the Sale Property is not allowed due to his failure to list the assets or his interests therein in his bankruptcy schedules; and that, although this Court has rejected the legal conclusion that Jeffrey Prosser successfully gifted everything to Dawn Prosser and owned nothing, both Jeffrey and Dawn Prosser have testified that Jeffrey Prosser has no interest in the Sale Property thereby rejecting and disclaiming a tenants by the entireties interest, the Court finds that the Sale Property is not held by the Prossers as tenants by the entireties.

The Court finds that the Chapter 7 Trustee has met his burden under 11 U.S.C. §363(h). The Sale Property cannot be partitioned and its sale free and clear of liens and interests will

---

[16] *See* Supplemental Response, Adv. No. 11-3005, DE 44, at 2; Bankr. No. 06-30009, DE 3569, at 2.

bring a significantly higher price than would the sale of the estate's interest alone.  The benefit to the estate from the proceeds from the auction of the Sale Property outweighs the detriment to Dawn Prosser.  *See* §363(h)(3).  This bankruptcy case has been pending for over five years, and the estate has a significant interest in getting these assets sold and continuing to move towards winding down the estate.  The Sale Property will realize substantial value at auction that is needed to pay creditors.  In terms of detriment, Dawn Prosser has not used any of the Sale Property since May of 2011 when the Palm Beach real property was sold.  The Sale Property has been in storage since that time at the estate's expense and Dawn Prosser has done nothing to attempt to pay for storage or to regain possession of any of the Sale Property for her personal use.  Furthermore, as noted above, to the extent it is determined that, contrary to the jury verdict which informs this Court's view, she does, in fact, hold some legitimate interest in the Sale Property, her interests will be protected through sharing in the proceeds of the auction.

It is hereby **ORDERED** that the Chapter 7 Trustee is authorized to proceed with the auction on January 22, 2012, in full accordance with the Order Authorizing and Approving (I) Procedures for Sale(s) of the Palm Beach Personal Property Allegedly Held By The Prossers as Tenants By the Entirety; (II) Approving Sales of Such Property Free and Clear of Liens, Claims, Interests and Encumbrances; and (III) Approving Form of Notice of Sales of Such Personal Property, Adv. No. 11-3005, DE 26; Bankr. No. 06-30009, DE 3385 (the "Sales Procedure Order").

It is **FURTHER ORDERED** that no distributions of any proceeds from the auction of the Sale Property shall be made without Court approval.

It is **FURTHER ORDERED** that the Chapter 7 Trustee shall serve a copy of this Order

on all parties in interest who do not receive electronic notice and shall file a certificate of service forthwith.

*Judith K. Fitzgerald*
Judge Judith K. Fitzgerald rmab
U.S. Bankruptcy Court